UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE #: 1:25-cv-21827-MD

KAREN HUNTER JACKSON,

Plaintiff,

vs.

CITY OF MIAMI GARDENS, a political subdivision of the State of Florida, RODNEY HARRIS, in his official and individual capacity, RICHARD ROBINSON, in his individual capacity, IVETTE RICHARDSON, in her individual capacity, and EMMANUEL JEANTY, in his individual capacity,

Defendants.
_____________________________/

**DEFENDANT, CITY OF MIAMI GARDENS', ANSWER AND DEFENSES TO THE AMENDED COMPLAINT**

Defendant, CITY OF MIAMI GARDENS ("City" or "Defendant"), by and through its undersigned counsel, files its answer and defenses to the Amended Complaint [DE 16] filed by Plaintiff, KAREN HUNTER JACKSON ("Plaintiff"), and states as follows:

1. The City is without knowledge regarding the allegations in paragraph 1. The City therefore denies the allegations and demands strict proof.

2. The City admits the allegations in paragraph 2.

3. Regarding paragraph 3, the City admits that Mayor Harris is the City's Mayor. The City admits that Plaintiff has sued the Mayor in his individual capacity. Beyond that, the City denies that Plaintiff has asserted viable claims

against the Mayor (or any defendant named in this case), denies any wrongdoing, denies that Plaintiff is entitled to any damages (including but not limited to costs, attorney's fees, and prejudgment interest), and demands strict proof.

4. Regarding paragraph 4, the City admits that Richard Robinson is a City police officer and acted as the sergeant at arms "at the public meeting at issue." The City admits that Plaintiff has sued Robinson in his individual capacity. Beyond that, the City denies that Plaintiff has asserted viable claims against Robinson (or any defendant named in this case), denies any wrongdoing, denies that Plaintiff is entitled to any damages (including but not limited to costs, attorney's fees, and prejudgment interest), and demands strict proof.

5. Regarding paragraph 5, the City admits that Ivette Richardson is a City police officer and that Plaintiff has sued Richardson in her individual capacity. Beyond that, the City denies that Plaintiff has asserted viable claims against Richardson (or any defendant named in this case), denies any wrongdoing, denies that Plaintiff is entitled to any damages (including but not limited to costs, attorney's fees, and prejudgment interest), and demands strict proof.

6. Regarding paragraph 6, the City admits that Emmanuel Jeanty is a City police officer and that Plaintiff has sued Jeanty in his individual capacity. Beyond that, the City denies that Plaintiff has asserted viable claims against Jeanty (or any defendant named in this case), denies any wrongdoing, denies that Plaintiff is entitled to any damages (including but not limited to costs, attorney's fees, and prejudgment interest), and demands strict proof.

7. The City admits the allegations in paragraph 7 to the extent that all City officials and employees, at all material times, were acting in their capacities as City officials and employees. The City denies that Plaintiff has asserted viable claims against any named defendant, denies any wrongdoing, denies that Plaintiff is entitled to any damages, and demands strict proof.

8. The City denies the allegations in paragraph 8 and demands strict proof.

9. The City admits the allegations in paragraph 9 to the extent Plaintiff has attempted to assert claimed violations of the United States Constitution. The City denies that Plaintiff has asserted viable claims against any named defendant, denies any wrongdoing, denies that Plaintiff is entitled to any damages, and demands strict proof.

10. The City admits the allegations in paragraph 10 for venue and jurisdiction purposes only. The City denies that Plaintiff has asserted viable claims against any named defendant, denies any wrongdoing, denies that Plaintiff is entitled to any damages, and demands strict proof.

11. The City admits the allegations in paragraph 11.

12. The City admits the allegations in paragraph 12.

13. Regarding the allegations in paragraph 13, each cited City ordinance speaks for itself. These are not allegations but rather citations to ordinances. The City denies all allegations in paragraph 13 regarding final policymaker(s) and policymaking and demands strict proof. The City denies all allegations insinuating that any City ordinance is unconstitutional and demands strict

proof.

14. Regarding the allegations in paragraph 14, each cited City ordinance speaks for itself. These are not allegations but rather citations to ordinances. The City denies all allegations insinuating that any City ordinance is unconstitutional and demands strict proof.

15. Regarding the allegations in paragraph 15, each cited City ordinance speaks for itself. These are not allegations but rather citations to ordinances. The City denies all allegations insinuating that any City ordinance is unconstitutional and demands strict proof.

16. Regarding the allegations in paragraph 16, each cited City ordinance speaks for itself. These are not allegations but rather citations to ordinances. The City denies all allegations insinuating that any City ordinance is unconstitutional and demands strict proof.

17. Regarding the allegations in paragraph 17, each cited City ordinance speaks for itself. These are not allegations but rather citations to ordinances. The City denies all allegations insinuating that any City ordinance is unconstitutional and demands strict proof.

18. Regarding the allegations in paragraph 18, each cited City ordinance speaks for itself. These are not allegations but rather citations to ordinances. The City denies all allegations insinuating that any City ordinance is unconstitutional and demands strict proof.

19. The City denies the allegations in paragraph 19 and demands strict proof.

20. The City denies the allegations in paragraph 20 and demands strict proof.

21. The City denies the allegations in paragraph 21 and demands strict proof.

22. The City admits the allegations in paragraph 22.

23. The City denies the allegations in paragraph 23 and demands strict proof.

24. The City denies the allegations in paragraph 24 and demands strict proof.

25. Regarding the allegations in paragraph 25, the City admits that Plaintiff spoke during the public comment period at the City's April 9, 2025, public meeting. The video of the meeting otherwise speaks for itself.

26. Regarding the allegations in paragraph 26, the City admits that Plaintiff spoke during the public comment period at the City's April 9, 2025, public meeting. The video of the meeting otherwise speaks for itself.

27. The City denies the allegations in paragraph 27 and demands strict proof.

28. The City denies the allegations in paragraph 28 and demands strict proof.

29. The City denies the allegations in paragraph 29 and demands strict proof.

30. The City denies the allegations in paragraph 30 and demands strict proof.

31. The City denies the allegations in paragraph 31 and demands strict proof.

32. The City denies the allegations in paragraph 32 and demands strict proof.

33. The City denies the allegations in paragraph 33 and demands strict proof.

34. The City denies the allegations in paragraph 34 and demands strict proof.

35. The City denies the allegations in paragraph 35 and demands strict proof.

36. The City denies the allegations in paragraph 36 and demands strict proof.

37. The City denies the allegations in paragraph 37 and demands strict proof.

38. The City denies the allegations in paragraph 38 and demands strict proof.

39. As related to Count I, the City readopts and reincorporates its responses to paragraphs 1-38, supra.

40. The statements in paragraph 40 are not allegations. They are recitations of the First Amendment and cited legal authorities. To the extent Plaintiff is attempting to insinuate or allege that the City violated any of Plaintiff's constitutional rights, the City denies the allegations and demands strict proof.

41. The statements in paragraph 41 are not allegations. They are

recitations of cited legal authorities. To the extent Plaintiff is attempting to insinuate or allege that the City violated any of Plaintiff's constitutional rights, the City denies the allegations and demands strict proof.

42. The statements in paragraph 42 are not allegations. They are recitations of cited legal authorities. To the extent Plaintiff is attempting to insinuate or allege that the City violated any of Plaintiff's constitutional rights, the City denies the allegations and demands strict proof.

43. The City denies the allegations in paragraph 43 and demands strict proof.

44. The City denies the allegations in paragraph 44 and demands strict proof.

45. The City denies the allegations in paragraph 45 and demands strict proof.

46. As related to Count II, the City readopts and reincorporates its responses to paragraphs 1-38, supra.

47. The City denies the allegations in paragraph 47 and demands strict proof.

48. The City denies the allegations in paragraph 48 and demands strict proof.

49. The City denies the allegations in paragraph 49 and demands strict proof.

50. The City denies the allegations in paragraph 50 and demands strict proof.

51. The City denies the allegations in paragraph 51 and demands strict proof.

52. The City denies the allegations in paragraph 52 and demands strict proof.

53. As related to Count III,[1] the City readopts and reincorporates its responses to paragraphs 1-38, supra.

54. The City denies the allegations in paragraph 54 and demands strict proof.

55. The City denies the allegations in paragraph 55 and demands strict proof.

56. The City denies the allegations in paragraph 56 and demands strict proof.

57. The City denies the allegations in paragraph 57 and demands strict proof.

58. The City denies the allegations in paragraph 58 and demands strict proof.

59. The City denies the allegations in paragraph 59 and demands strict proof.

60. The City denies the allegations in paragraph 60 and demands strict proof.

61. The City denies the allegations in paragraph 61 and demands strict

---

[1] The individual Defendants have filed a motion to dismiss the Count III claim asserted against them.

proof.

62. The City denies the allegations in paragraph 62 and demands strict proof.

63. The City denies the allegations in paragraph 63 and demands strict proof.

64. The City denies the allegations in paragraph 64 and demands strict proof.

65. The City denies the allegations in paragraph 65 and demands strict proof.

66. Defendant denies all *ad damnum* clauses following each of Plaintiff's purported causes of action, inclusive, denies all requests for damages, and demands strict proof.

67. Defendant denies each allegation and claim not specifically admitted in this Answer and demands strict proof of all allegations and all claims.

68. The Amended Complaint fails to state valid claims upon which relief can be granted.

69. Plaintiff cannot establish any City policy or custom was the "moving force" behind Plaintiff's purported constitutional deprivations as required by *Monell v. Dep't. of Social Services, etc.,* 436 U.S. 658, 691 (1978) (The City can only be liable under § 1983 "when execution of its policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury of which Plaintiff complains."). Counts I and II therefore are barred.

70. Plaintiff did not engage in any protected speech under the First Amendment.

71. The City did not impose any unlawful restraint on Plaintiff's claimed protected speech.

72. The City's Public Participation Policy is not viewpoint discriminatory.

73. The City's Public Participation Policy is constitutional, reasonable, content neutral, and consistent with the City's legitimate objectives in regulating orderly and efficient public meetings without disruption.

74. The City's Public Participation Policy is not selectively enforced.

75. The City's Public Participation Policy is facially constitutional under the First Amendment. It is narrowly tailored, non-arbitrary, and does not operate as content-based restriction on speech.

76. The City's application of the Public Participation Policy to Plaintiff was not unconstitutional.

77. The City did not target Plaintiff's alleged speech, did not discriminate against Plaintiff's alleged speech, and did not arbitrarily or haphazardly apply the subject policy.

78. The City's application of the Public Participation Policy is objectively and consistently applied. It is likewise not arbitrarily enforced nor does it invite arbitrary enforcement.

79. Plaintiff was treated the same as similarly situated individuals.

80. The sole legal cause of any and all damages sustained by Plaintiff

was Plaintiff's own criminal, illegal, unlawful, wrongful, or otherwise culpable conduct. Plaintiff is therefore barred or otherwise limited in her recovery.

81. Plaintiff has failed to satisfy all conditions precedent and all of her administrative remedies. Without limitation, Plaintiff has failed to satisfy the deadlines, notice requirements, and statutory conditions required of her claims. Plaintiff's claims, in whole or in part, are barred by the applicable statutes of limitation, deadline requirements, and notice requirements.

82. Plaintiff's claims for various remedies are improper and subject to elimination, limitation, and reduction.

83. Plaintiff has failed to mitigate her alleged damages.

84. Plaintiff suffered no damages whatsoever.

85. Plaintiff suffered no economic damages whatsoever.

86. Plaintiff intentionally aggravated and exacerbated her claimed damages.

87. Plaintiff is not entitled to any prejudgment interest against the City and such claims for prejudgment interest should be stricken. See Florida Statute § 768.28(5)(a).

88. The City is immune from punitive damages and all requests for punitive damages should be stricken. See Fla. Stat. § 768.28(5)(a); see also 42 U.S.C. § 1981a(b)(1).

89. Defendant reserves its right to assert such other affirmative defenses available as may be revealed through discovery and disclosure in this matter.

## DEMAND FOR JURY TRIAL

Defendant, CITY OF MIAMI GARDENS, hereby demands a trial by jury on all issues triable as a matter of right.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of June 2025, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system or by email to all parties. I further certify that I either mailed the foregoing document and the Notice of Electronic Filing by first class mail to any non CM/ECF participants and/or the foregoing document was served via transmission of Notice of Electronic Filing generated by CM/ECF to any and all active CM/ECF participants.

BY: */s/ Christopher J. Stearns*
CHRISTOPHER J. STEARNS
FLA. BAR NO. 557870

*s/Jonathan H. Railey*
JONATHAN H. RAILEY
FLA. BAR NO. 111717

JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, P.A.
**Attorneys for Defendants**
2455 East Sunrise Boulevard
Suite 1000
Fort Lauderdale, FL 33304
954/463-0100 Telephone
954/463-2444 Facsimile
Stearns@jambg.com
young@jambg.com
nunez@jambg.com

## SERVICE LIST

**FAUDLIN PIERRE, ESQ.**
**Counsel for Plaintiff**
18900 NE 1st Court
Miami, FL 33179
(305) 336-9193
fplaw08@yahoo.com

**CHRISTOPHER J. STEARNS, ESQ.**
**JONATHAN H. RAILEY, ESQ.**
JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, PA
Counsel for Defendants
2455 E. Sunrise Blvd., Suite 1000
Fort Lauderdale, FL 33304
stearns@jambg.com
young@jambg.com
railey@jambg.com
cisaac@jambg.com
(954) 463-0100 (Phone)